1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISREAL CERVANTES,                        No.  2:14-cv-2901 JAM KJN P

12                 Petitioner,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   RONALD RACKLEY, Warden,

15                 Respondent.

16

17   I.  Introduction

18        Petitioner is a state prisoner, proceeding without counsel, and in forma pauperis.

19   Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.

20   Petitioner does not challenge his underlying conviction; rather, petitioner challenges two prison

21   disciplinary reports.  Pending before the court is respondent's motion to dismiss the habeas

22   petition as barred by the statute of limitations.  For the reasons set forth below, respondent's

23   motion should be granted.

24   II.  Legal Standards

25        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

27   petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

28   Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

                                              1

1    Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

2    (1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its

3    authority under Rule 4.

4         On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was

5    enacted.  Section 2244(d) of Title 8 of the United States Code provides:

6         (1)  A 1-year period of limitation shall apply to an application for a
          writ of habeas corpus by a person in custody pursuant to the
7         judgment of a State court.  The limitation period shall run from the
          latest of –
8
              (A) the date on which the judgment became final by the
9         conclusion of direct review or the expiration of the time for seeking
          such review;
10
              (B) the date on which the impediment to filing an
11        application created by State action in violation of the Constitution
          or laws of the United States is removed, if the applicant was
12        prevented from filing by such State action;

13            (C) the date on which the constitutional right asserted was
          initially recognized by the Supreme Court, if the right has been
14        newly recognized by the Supreme Court and made retroactively
          applicable to cases on collateral review; or
15
              (D) the date on which the factual predicate of the claim or
16        claims presented could have been discovered through the exercise
          of due diligence.
17
          (2) The time during which a properly filed application for State
18        postconviction or other collateral review with respect to the
          pertinent judgment or claim is pending shall not be counted toward
19        any period of limitation under this subsection.

20   28 U.S.C. § 2244(d).

21        The AEDPA statute of limitations is tolled during the time a properly filed application for

22   post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2).  The statute of limitations

23   is not tolled during the interval between the date on which a decision becomes final and the date

24   on which the petitioner files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003,

25   1006 (9th Cir. 1999).  Once state collateral proceedings are commenced, a state habeas petition is

26   "pending" during a full round of review in the state courts, including the time between a lower

27   court decision and the filing of a new petition in a higher court, as long as the intervals between

28   petitions are "reasonable."  See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536

2

1   U.S. 214, 222-24 (2002).

2   III.  Chronology

3        For purposes of the statute of limitations analysis, the relevant chronology of this case is

4   as follows:

5        1.  On May 1, 2012, petitioner was charged with conspiracy to introduce a controlled

6   substance into a state prison in Rules Violation Report ("RVR") Log # FOL-512-05-001;

7   petitioner was subsequently found guilty.  (ECF No. 11-1 at 28.)  Petitioner filed an

8   administrative appeal challenging the RVR, which was denied at the final review level on

9   December 28, 2012, in Third Level Appeal Decision, Log No. FSP-12-00723.  (ECF No. 11-1 at

10  22.)

11       2.  On May 24, 2012, petitioner was charged with overfamiliarity with staff in RVR Log #

12  FOL-512-05-011, and subsequently found guilty.  (ECF No. 11-1 at 77.)  Petitioner filed an

13  administrative appeal challenging the RVR, which was denied at the final review level on

14  December 18, 2012, in Third Level Appeal Decision, Log No. FSP-12-00839.  (ECF No. 11-1 at

15  70.)

16       3.  On March 21, 2013,[1] petitioner filed one petition for writ of habeas corpus in the

17  Sacramento County Superior Court, challenging both RVRs on the grounds that the disciplinary

18  convictions were not supported by the evidence.  (ECF No. 11-1.)  On May 16, 2013, the superior

19  court denied the petition in a reasoned decision.  (ECF No. 11-2 at 2-4.)

20       4.  On May 29, 2013, petitioner filed a petition for writ of habeas corpus in the California

21  Court of Appeal, Third Appellate District, again challenging both RVRs on the same grounds as

22  in the superior court.  (ECF No. 11-2 at 6.)  On September 12, 2013, the appellate court denied

23  the petition without comment.  (ECF No. 11-3 at 2.)

24       5.  On September 24, 2013, petitioner filed a petition for writ of habeas corpus in the

25  California Supreme Court.  (ECF No. 11-3 at 4.)  On February 11, 2014, the California Supreme

26

---

27  [1]  All of petitioner's state court filings were given benefit of the mailbox rule.  See Campbell v.
    Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed
28  when handed to prison authorities for mailing).

1   Court denied the petition without comment.  (ECF No. 11-3 at 97.)

2       6.  On December 2, 2014, petitioner signed the instant federal petition and the proof of

3   service by mail.  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.  Respondent

4   filed the motion to dismiss on February 25, 2015 (ECF No. 11), and petitioner filed an amended

5   opposition (ECF No. 15) on April 21, 2015.  No reply was filed.

6   IV.  Statutory Tolling

7       Where, as here, the habeas petitioner challenges administrative decisions, AEDPA's one-

8   year limitations period commences on "the date on which the factual predicate of the claim or

9   claims presented could have been discovered through the exercise of due diligence."  28 U.S.C.

10  § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004).  "As a general rule, the

11  state agency's denial of an administrative appeal is the 'factual predicate' for such habeas

12  claims."  Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012), citing Redd v. McGrath, 343

13  F.3d 1077, 1085 (9th Cir. 2003).

14      A.  Conspiracy RVR

15      The RVR for conspiracy to introduce a controlled substance into a state prison was denied

16  at the final level on December 28, 2012.  The statute of limitations period began to run the

17  following day, on December 29, 2012.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.

18  2001).  Absent tolling, the limitations period expired on December 29, 2013.

19      On March 21, 2013, petitioner filed his petition in the superior court.  The limitations

20  period ran from December 29, 2012, until March 21, 2013, a period of 82 days.  Petitioner

21  promptly proceeded from the superior court through the California Supreme Court, so he is

22  entitled to statutory tolling from March 21, 2013, through February 11, 2014, the date the

23  California Supreme Court denied the petition.

24      On February 12, 2014, the limitations period began to run again.  Because 82 days of the

25  one-year limitations period had already expired, petitioner had 283 days left to file his federal

26  petition.  Thus, the period expired on Saturday, November 22, 2014, and the federal petition was

27  due in federal court on Monday, November 24, 2014.  Fed. R. Civ. P. 6.  However, petitioner did

28  not file his federal petition until December 2, 2014.  Because petitioner did not file his federal

4

1   petition challenging the conspiracy RVR until after the limitations period expired, his petition is

2   barred by the statute of limitations.

3        B.  Overfamiliarity RVR

4        The RVR for overfamiliarity with staff was denied at the final level on December 18,

5   2012, and the limitations period began to run the next day, December 19, 2012.  Absent tolling,

6   the limitations period expired on December 19, 2013.

7        On March 21, 2013, petitioner filed his petition in the superior court.  The limitations

8   period ran from December 18, 2012, until March 21, 2013, a period of 92 days.  Petitioner

9   promptly proceeded from the superior court through the California Supreme Court, so he is

10  entitled to statutory tolling from March 21, 2013, through February 11, 2014, the date the

11  California Supreme Court denied the petition.

12       On February 12, 2014, the limitations period began to run again.  Because 92 days of the

13  one-year limitations period had already expired, petitioner had 273 days left to file his federal

14  petition.  Thus, the period expired on Wednesday, November 12, 2014.  However, petitioner did

15  not file his federal petition until December 2, 2014.  Because petitioner did not file his federal

16  petition challenging the overfamiliarity RVR until after the limitations period expired, his petition

17  is barred by the statute of limitations.

18       C.  Petitioner's Arguments

19       Petitioner contends that the limitations period began to run on May 16, 2013, "when he

20  was able to file his first collateral claim" in the superior court.  (ECF No. 14 at 5.)  Petitioner is

21  mistaken.  Even when applying the other subdivisions of 28 U.S.C. § 2244, the limitations period

22  does not commence when the habeas petitioner files the first habeas petition in the superior court.

23  This court is bound by Ninth Circuit authority to find that the limitations period began when the

24  final decision issued on petitioner's administrative appeals.  Redd, 343 F.3d at 1085.

25       In addition, petitioner argues that he could not file his federal petition until after the

26  California Supreme Court issued its ruling on February 11, 2014.  Therefore, he contends that

27  such ruling was an impediment to his filing, under § 2244(d)(1)(B), and that he had until

28  February 11, 2015, in which to file in federal court.

5

1    Subsection B of section 2244(d)(1)(B) is inapplicable.  To warrant delayed accrual under

2    section 2244(d)(1)(B), petitioner must demonstrate that illegal conduct by the state or those acting

3    for the state "made it impossible for him to file a timely § 2254 petition in federal court."  See

4    Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009).  Additionally, petitioner must "show a

5    causal connection between the unlawful impediment and his failure to file a timely habeas

6    petition."  Bryant v. Arizona Att'y General, 499 F.3d 1056, 1060 (9th Cir. 2007) (citations

7    omitted).  The standard for satisfying § 2244(d)(1)(B) is "far higher" than the standard for

8    demonstrating an entitlement to equitable tolling.[2]  Ramirez v. Yates, 571 F.3d at 1000-01.

9    Petitioner must show that the alleged impediment "altogether prevented him from presenting his

10   claims in *any* form, to *any* court."  See id. at 1001 (citation omitted).

11   Here, the ruling by the California Supreme Court was not an impediment that prevented

12   petitioner from filing in federal court.  Rather, in order to demonstrate the exhaustion of state

13   court remedies, petitioner was required to first present his claims to the California Supreme

14   Court.  Picard v. Connor, 404 U.S. 270, 276 (1971).  Therefore, the ruling by the California

15   Supreme Court enabled petitioner to file in federal court.  In addition, the February 11, 2014

16   ruling did not prevent petitioner from filing in any court; petitioner had until November of 2014,

17   or at least nine months, in which to file in federal court.  Petitioner's reliance on § 2244(d)(1)(B)

18   is unavailing.

19   V.  Equitable Tolling

20   Equitable tolling is available to toll the one-year statute of limitations available to 28

21   U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A litigant

22   seeking equitable tolling must establish:  (1) that he has been pursuing his rights diligently; and

23   (2) that some extraordinary circumstance stood in his way.  Pace, 544 U.S. at 418.  The Ninth

24   Circuit has explained:

25   ////

26   _____

27   [2]  As discussed below, in this Circuit "[a] petitioner seeking equitable tolling bears the heavy
     burden of showing (1) that he has been pursuing his rights diligently, and (2) that some
     extraordinary circumstance stood in his way."  Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir.

28   2010) (citation and internal quotations omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner argues that he is entitled to equitable tolling. However, other than his arguments addressed in section IV.C. above, petitioner fails to identify any extraordinary circumstances that prevented him from filing his federal petition within the statute of limitations period. Indeed, because petitioner delayed filing in federal court over nine months after the California Supreme Court denied his state court petition, he has failed to show that he exercised diligence in pursuing his rights during the limitations period. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir.2007) ("A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence."). On this record, the undersigned cannot find that petitioner is entitled to equitable tolling.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

1    which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

2    applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

3    § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

4    service of the objections.  The parties are advised that failure to file objections within the

5    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

6    F.2d 1153 (9th Cir. 1991).

7    Dated:  May 18, 2015

8

9                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE
10   /cerv2901.mtd.hc.sol

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28